IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID WIERMAN AND WIFE § <br> ROXANE WIERMAN, § <br> Plaintiffs, § <br> v. § <br> § <br> PRESTIGE DEFAULT SERVICES, § <br> U.S. BANK TRUST NATIONAL § <br> ASSOCIATION, AS TRUSTEE OF § <br> BUNGALOW SERIES III TRUST, § <br> and SN SERVICING CORPORATION, § <br> Defendants. § | Civil Action No. 3:21-CV-01330-G-BH <br><br><br><br><br><br><br><br><br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Defendants' Motion to Dismiss Baseless Claims Pursuant to Rule Fed. R. Civ. P. 12(b)(6)*, filed June 10, 2021 (doc. 5). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

This case involves the attempted foreclosure of real property located at 4555 Forest Bend Road, Dallas, Texas 75244 (the Property), which was purchased in 1998 by David Wierman and Roxane Wierman (Plaintiffs). (doc. 10-4 at 12, 24.)[2] On January 30, 2008, Plaintiffs executed a promissory note (Note) in favor of Bank of America, N.A. (BANA), for a home equity loan in the principal amount of $336,000.00 (Loan). (*Id.* at 26.) They contemporaneously executed a Homestead Lien Contract and Deed of Trust (Deed of Trust) that granted a security interest in the

---

[1] By *Special Order 3-251*, this foreclosure case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Property to BANA, to secure repayment under the Note. (*Id.* at 12, 29.) Under the terms of the Deed of Trust, Plaintiffs would be in default if they failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the Loan and foreclosure proceedings on the Property. (*Id.* at 31-32.) At some point, BANA assigned the Note and Deed of Trust to U.S. Bank Trust National Association, as trustee of Bungalow Series III Trust (U.S. Bank). (*Id.* at 12.) SN Servicing Corporation (SNSC) is the servicer of Plaintiffs' Loan. (*Id.*)

"Plaintiffs got behind on the loan." (*Id.*) On January 29, 2020, a notice of default was sent to Plaintiffs informing them of certain defaults under the Note and Deed of Trust, and that the maturity date of the Note would be accelerated if those defaults were not cured on or before a certain date. (*Id.* at 38.) On June 1, 2020, Plaintiffs were sent a notice of acceleration explaining that they had failed to cure the defaults, and that the maturity date under the Note had been accelerated as a result. (*Id.*) On December 15, 2020, U.S. Bank obtained a final order of foreclosure, allowing it to proceed with foreclosure of the Property. (*Id.* at 43-44.) U.S. Bank and SNSC listed the Property for foreclosure sale on May 4, 2021. (*Id.* at 12, 40-42.) The Notice of Substitute Trustee Sale identified Prestige Default Services (PDS) as a substitute trustee and provided an address for it, but the address was incorrect. (*Id.* at 12-13, 40-42.) Plaintiffs claim they contested Defendants' right to foreclose due to that discrepancy, and the foreclosure sale was cancelled. (*Id.* at 13.)

Defendants reposted the Property for foreclosure sale on June 1, 2021. (*Id.*) A new Notice of Substitute Trustee Sale (Notice) was signed by Donna Stockman (Stockman) on behalf of PDS, again listed PDS as the substitute trustee but provided a new "street address" for it: "9720 Coit Road, Suite 220-228, Plano, Texas 75025." (*Id.* at 13, 55-57.) Part of that new street address, Suite

220, belongs to The UPS Store (UPS). (*Id.* at 46, 52-53.) Plaintiffs' attorney visited the address, but "PDS (or Donna Stockman) was not located" there. (*Id.* at 13, 45-54.) Stockman's business address is in Weatherford, Texas. (*Id.* at 13, 46.)

On May 26, 2021, Plaintiffs filed suit in County Court at Law No. 1 of Dallas County, Texas, against PDS, U.S. Bank, and SNSC (Defendants), asserting claims for breach of contract and violations of §§ 392.301(a)(8) and 392.304(a)(8) and (19) of the Texas Debt Collections Practices Act (TDCPA) against U.S. Bank and SNSC, and for a violation of § 12.002 of the Texas Civil Practices and Remedies Code against all Defendants. (*See* doc. 10-4 at 13-18.) All three claims were predicated on their contention that because PDS was not physically located at the street address provided in the Notice, it did not comply with § 51.0075(e) of the Texas Property Code. (*See id.*) On May 28, 2021, the state court issued a Temporary Restraining Order (TRO) enjoining the sale of the Property, pending a hearing scheduled for June 10, 2021. (*Id.* at 70-72.)

On June 9, 2021, Defendants removed this action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-2.) On June 10, 2021, they moved to dismiss Plaintiffs' petition. (doc. 5.) Plaintiffs responded on July 1, 2021, and Defendants replied on July 8, 2021. (docs. 12, 13.)

## II.  RULE 12(b)(6)

Defendants move to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v.*

3

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion.

*Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted); *accord Benchmark Elecs., Inc.*, 343 F.3d at 725. Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Here, Plaintiffs attached to their petition copies of the General Warranty Deed, Note, Deed of Trust, the notice of acceleration, each Notice of Substitute Trustee Sale, the final order for foreclosure, and their attorney's affidavit with photos he took of the buildings located at the addresses listed for PDS on the notices. (doc. 10-4 at 24-57.) These attached documents are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. They may therefore be considered without conversion of Defendants' motion to dismiss into a summary

5

judgment motion. *See Norris*, 500 F.3d at 461 n.9.

### III. MAILING ADDRESS

Defendants argue that because Plaintiffs' claims are all based on the disclosure in the Notice of a street address where PDS checked its mail instead of a physical address "like an office," which is not a violation of § 51.0075(e), they fail to state a claim upon which relief may be granted. (doc. 5 at 2-3.) As noted, Plaintiffs assert claims for breach of contract[3] and violations of the TDCPA[4] and the Texas Civil Practice and Remedies Code.[5] (doc. 10-4 at 13-18.)

Section 51.0075(e) provides that "[t]he name and a *street address* for a trustee or substitute trustees shall be disclosed on the notice required by Section 51.002(b)." Tex. Prop. Code § 51.0075(e) (emphasis added). "'Strict compliance (with the law and deed of trust) is necessary to invoke the power of sale under a deed of trust.'" *Henderson v. U.S. Bank Tr. Nat'l Ass'n*, No. 4:19-CV-716-A, 2020 WL 2736530, at *2 (N.D. Tex. May 20, 2020) (quoting *In re George W. 59 Inv.,*

---

[3] The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendants; (3) performance or tendered performance by the plaintiffs; and (4) damages sustained by the plaintiffs as a result of the defendants' breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Plaintiffs argue that the failure to use a "street" address under § 51.0075(e) "constitutes a breach of the Deed of Trust." (doc. 3 at 4-5.)

[4] The elements of a TDCPA claim are: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. Tex. Fin. Code §§ 392.001-392.404. Plaintiffs argue that failing to use a "street" address under § 51.0075(e) violates §§ 392.301(a)(8) and 392.304(a)(8) and (19) of the TDCPA. (doc. 3 at 6-7.)

[5] Under § 12.002, "[a] person may not make, present, or use a document or other record with . . . knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." Tex. Civ. Prac. & Rem. Code § 12.002(a)(1). Plaintiffs argue that failing to use a "street" address under § 51.0075(e) "constituted a fraudulent claim against [their] Property". (doc. 3 at 9.)

*Inc.*, 526 B.R. 650, 653 (N.D. Tex. 2015)).[6]

No state or federal court appears to have specifically discussed whether an address for a mail service, such as a UPS store, complies with the "street address" requirement in § 51.0075(e). Defendants cite *Trevarthan v. Nationstar Mortg. LLC*, No. 14-0187-C26, 2014 WL 12703804 (26th Dist. Ct., Williamson County, Nov. 14, 2014), *aff'd by* No. 03-15-00011-CV, 2016 WL 368533 (Tex. App.—Austin Jan. 29, 2016, no pet.), which they contend is "on-point" because the "borrower's sole contention was that the mailing address was not a street address pursuant to § 51.0075(e)," and the state trial court granted summary judgment in favor of the lender. (*See* doc. 13 at 4.) Although the lender expressly argued that a post office box was not insufficient to satisfy the statute, *see* Defendant Nationstar Mortgage LLC's Traditional and No-Evidence Motion for Summary Judgment and Motion to Sever, *Trevarthan v. Nationstar Mortg. LLC*, No. 14-0187-C26, (26th Dist. Ct., Williamson County, Nov. 14, 2014), 2014 WL 12703351, neither the trial court's nor the appellate court's rulings discussed the issue, s*ee Trevarthan*, 2014 WL 12703804, at *1; *Trevarthan*, 2016 WL 368533, at *1.

Two federal courts have stated, without discussion, that providing a *mailing address* for the substitute trustee in the notice is sufficient to comply with § 51.0075(e). *See Keyes v. Wells Fargo Bank, N.A.*, No. 3:20-CV-633-G-BN, 2020 WL 4228168, at *6 (N.D. Tex. June 23, 2020) (finding no violation of the Texas Property Code where the notice named substitute trustees and

---

[6] Deficiencies in a notice of foreclosure sale render the foreclosure sale voidable rather than void. *Senger Creek Dev., LLC v. Fuqua*, No. 01-15-01098-CV, 2017 WL 2376529, at *6 (Tex. App.—Houston [1st Dist.] June 1, 2017, no pet.). A void foreclosure sale is a mere nullity, passing no title and conferring no rights, while a voidable foreclosure sale passes title subject to the right of another party to have it set aside upon proof that the sale was improperly made. *WMC Mortg. Corp. v. Moss*, No. 01-10-00948-CV, 2011 WL 2089777, at *18 (Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 674-75 (1942)).

specified a *mailing address* for them, noting that "the Texas Property Code does not prohibit a mortgage lender from appointing several potential substitute trustees who share the same mailing address"), *adopted by* 2020 WL 4220459 (N.D. Tex. July 22, 2020); *Croteau v. CitiMortgage, Inc.*, No. 4:12-CV-693, 2014 WL 119968, at *9-10 (E.D. Tex. Jan. 13, 2014) (stating that "[t]he Notice of Substitute Trustee's Sale satisfies Section 51.0075(e), as it identifies the substitute trustee and provides a *mailing address* for both individuals") (*emphasis added*). Another court found that a notice which "included the names of the substitute trustees and *an address at which to contact them*" also complied with § 51.0075(e). *See Brinson v. Universal Am. Mortg. Co.*, No. CIV.A. G-13-463, 2014 WL 4354451, at *6 (S.D. Tex. Sept. 2, 2014) (emphasis added). More recently, a state court found that a notice of sale appeared valid on its face even though it did not specifically identify the street address of the substitute trustee because it included the street addresses of the mortgage servicer and the law firm providing the notice of substitute trustee sale, so "sufficient information was available to the debtor, and to the public, through which the substitute trustee could be contacted—thereby providing a minimum level of protection to the debtor." *Veloz v. Wilmington Savings Fund Society,* No. 07-20-00017-CV, 2021 WL 5299584, at *3 (Tex. App.—Amarillo Nov. 15, 2021, no pet.).

Although none appears to have expressly discussed whether a street address at which the substitute trustee only collects mail is sufficient, courts have rejected claims that a substitute trustee must be physically located at the street address listed in the notice for it to comply with § 51.0075(e). In *Henderson,* the plaintiff argued that a notice of sale listing PDS's business street address violated § 51.0075(e) because the substitute trustee (Donna Stockman) did not actually

8

office there. *See* 2020 WL 2736530, at *2.[7] Noting that the plaintiff did not dispute that Stockman conducted foreclosure sales and engaged in other foreclosure trustee activities for PDS at its request, allege that she could not be reached at the address provided in the notice, or cite any authority finding a notice noncompliant because it contained a business address associated with the substitute trustee, the court found that PDS's business address qualified as a street address for the Stockman under § 51.0075(e). *Id.* at *2-3. Likewise, in *Berg v. Bank of Am., N.A.*, No. A-12-CV-433 LY, 2012 WL 12886433, at *7 (W.D. Tex. Sept. 19, 2012), *adopted by* 2012 WL 12886597 (W.D. Tex. Nov. 1, 2012), the plaintiffs alleged that the notice of sale violated § 51.0075(e) because it only provided the address for the business that employed one of the substitute trustees. The court agreed with the defendant that

> nothing in the statute indicates provision of the street address of the substitute trustee is inadequate. And, as [the defendant] points out, it is unlikely the intent of the statute was to require the substitute trustee to provide his or her home address.

*Id.* Concluding that the notice of sale strictly complied with the statute, the court found that the plaintiffs failed to state a claim upon which relief could be granted. *Id.*

Even notices listing addresses preceded by a "C/O" have been found to comply with § 51.0075(e). In *Alsobrook v. GMAC Mortg., LLC*, No. 3:11-CV-00603-M (BF), 2012 WL 1643220, at *7 (N.D. Tex. Apr. 13, 2012), *adopted by* 2012 WL 1655765 (N.D. May 9, 2012), *aff'd by* 541 F. App'x 340 (5th Cir. 2013), the court found no genuine issue of material fact regarding whether a notice of sale that listed five substitute trustees and provided an address of "c/o Executive Trustee Services, LLC" at a street address *in California* violated § 51.0075(e). *See*

---

[7] Defendants note that *Henderson* also involved PDS, Donna Stockman, and the same attorneys as in this case. (*See* doc. 13 at 5 & n.1.)

*also King v. Select Portfolio Servicing, Inc.*, No. 4:19-CV-00181-ALM-CAN, 2020 WL 7329237, at *18 (E.D. Tex. Aug. 28, 2020), *adopted by* 2020 WL 6778407 (E.D. Tex. Nov. 18, 2020), *aff'd sub nom. King v. U.S. Bank, N.A.*, 853 F. App'x 971 (5th Cir. 2021) (rejecting the implication that there was a fact issue regarding whether the notice violated § 51.0075(e) based on the presence of "'c/o' before 'someone else's address'" where the substitute trustees identified in the notice were employed by the business located at that address).

The plain language of § 51.0075(e) requires that a notice of sale disclose a street address for the trustee. It does not state that an address where the trustee or substitute trustee is physically located is required, or that a street address for mail collection is insufficient. Plaintiffs' argument that the state legislature intended for there to be a physical address where potential bidders could discuss the sale with the trustee is not reflected in, or supported by, the legislative minutes they cite. (*See* docs. 12 at 5-6; 12-2.) Notably, in *Alsobrook*, 2012 WL 1643220, at *7, the court found no genuine issue of material fact regarding whether the notice of sale violated § 51.0075(e) even though the listed street address was in *California*. A street address in another state does not appear any more conducive to discussions about a foreclosure sale than a local street address for mail collection only. Finally, as discussed, the existing case law regarding the sufficiency of the street address in a notice of has uniformly found that a substitute trustee need not be physically located or office at the street address listed in the notice of sale to comply with the statute. It has instead focused on whether the trustee may be contacted at that address.

Here, Plaintiffs' petition alleges that the Notice provided a street address for PDS, but that the address was for a UPS store where it only collected mail, and it was not physically located there. (doc. 10-4 at 13.) Plaintiffs do not allege that they could not contact PDS at the street address

10

provided in the Notice. For all of these reasons, the Court finds that the Notice complied with § 51.0075(e). Because each of Plaintiffs' three claims depend upon a finding of a violation of § 51.0075(e), they fail to state a claim upon which relief may be granted.

## IV. RECOMMENDATION

Defendants' motion should be **GRANTED**, and all of Plaintiffs' claims against them should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 7th day of December, 2021.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE